IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RAPHAEL HALL,<br>   Petitioner,<br><br>v.<br><br>BOWERS, FCI WARDEN,<br>   Respondent. | )<br>)<br>)   Case No. 2:22-cv-02565-JPM-tmp<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER DISMISSING APPLICATION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 FOR LACK OF SUBJECT MATTER JURISDICTION, CERTIFYING THAT AN APPEAL WOULD NOT BE IN GOOD FAITH, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court is Petitioner Raphael Hall's ("Petitioner's" or "Hall's") Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"). (ECF No. 1.) For the reasons discussed below, Hall's Petition is **DISMISSED WITHOUT PREJUDICE**.

**I.    BACKGROUND**

Hall is a federal prisoner residing at the Federal Correctional Institute (FCI) in Bennettsville, South Carolina. (ECF No. 10 at PageID 26.)[1]

On January 14, 2020, a Grand Jury in this District returned an indictment against Hall, charging him with 17 counts. (See 2:20-cr-20009-JPM (W.D. Tenn.), ECF No. 2.) Counts 1, 3, 5, 7, 9, 11, 13, 15, and 17 involved completed Hobbs Act robberies, under 18 U.S.C. § 1951. (Id. at PageID 8–14.) Counts 2, 4, 6, 8, 10, 12, 14, and 16 involved using, carrying, and brandishing a gun during those robberies, under 18 U.S.C. § 924(c). (See id.) On September

---

[1] At the time he filed his Petition, Hall resided at the FCI in Memphis, Tennessee. (ECF No. 1.)

15, 2020, Hall entered a guilty plea pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) on Counts 1–6. (See 2:20-cr-20009-JPM (W.D. Tenn.), ECF No. 77 at PageID 110.) The Parties agreed that Hall would receive a sentence of 300 months of imprisonment. (ECF No. 77 at PageID 110.) Respondent United States of America ("Respondent" or the "Government") dismissed Counts 7–17. (See id.) In his plea agreement, Hall waived his right to appeal his conviction or sentence, unless the sentence exceeded the maximum permitted by statute or was an upward departure from the guideline range that the Court established at sentencing. (Id. at PageID 112.) The waiver did not apply to claims relating to prosecutorial misconduct or ineffective assistance of counsel. (Id.) The plea agreement did not include a waiver of section 2255 motions. (Cf. id.)

On March 16, 2021, the Court sentenced Hall to a total of 300 months imprisonment: 48 months as to Counts 1, 3, and 5, to run concurrently with each other, and 84 months each as to Counts 2, 4, and 6, to run consecutively to each other and the other counts. (See 2:20-cr-20009-JPM (W.D. Tenn.), ECF No. 144 at PageID 424.) Hall did not appeal.

On August 29, 2022, Hall filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6). (ECF No. 160.) On February 28, 2023, the Court denied relief. (ECF No. 164.)

On August 29, 2022, Hall filed the instant Petition. (ECF No. 1.) On November 9, 2022, the Government responded. (ECF No. 8.) On September 18, 2024, the Government filed a Supplemental Answer. (ECF No. 9.) Hall has not filed a reply.

## II.   LEGAL STANDARD

The Court is authorized to issue a writ of habeas corpus under 28 U.S.C. § 2241(c)(3) when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United

States." "Section 2255 is the primary avenue for relief for federal prisoners protesting the legality of their sentence, while [section] 2241 is appropriate for claims challenging the execution or manner in which the sentence is served." United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 2001). That is, "section 2241 typically facilitates only challenges to . . . those things occurring within prison." Taylor v. Owens, 990 F.3d 493, 495 (6th Cir. 2021).

"If a prisoner can file a section 2255 motion in the sentencing court but 'fail[s]' to do so or is unsuccessful in his motion, then a court 'shall not . . . entertain[ ]' his application for a writ of habeas corpus under section 2241." Id. at 495–96 (citing 28 U.S.C. § 2255(e)). The one exception to this rule is the "saving clause" of section 2255(e). See id. at 496. The savings clause provides as follows:

> (e) An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). The saving clause thus limits the district courts' subject matter jurisdiction because "[a] district court has no jurisdiction over an application for habeas under section 2241 if the petitioner could seek relief under section 2255." Taylor, 990 F.3d at 499.

To satisfy the saving clause and obtain relief under a section 2241 petition, the remedy under section 2255 must be "inadequate or ineffective to test the legality of [a prisoner's] detention." See id. at 496. "[T]he circumstances in which [section] 2255 is inadequate and ineffective are narrow." Peterman, 249 F.3d at 461. A petitioner must show "unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." Jones v. Hendrix, 599 U.S. 465, 478 (2023). "Unusual circumstances" include "the sentencing court's

3

dissolution" or when "it is not practicable for the prisoner to have his motion determined in the trial court because of his inability to be present at the hearing, or for other reasons." Id. at 474 (quoting United States v. Hayman, 342 U.S. 205, 215 n.23 (1952)).  Indeed, "the saving clause is concerned with the adequacy or effectiveness of the remedial vehicle ('the remedy by motion'), not any court's asserted errors of law." Id. at 480–81.

### III.  ANALYSIS

In his Petition, Hall challenges his 924(c) convictions. (ECF No. 1 at PageID 2.)  He argues he is "actually innocent" in light of Johnson v. United States, 576 U.S. 591, 135 (2015), United States v. Davis, 588 U.S. 445 (2019), and United States v. Taylor, 596 U.S. 845 (2022). (ECF No. 1 at PageID 2.)

Hall, however, cannot challenge his 924(c) convictions in this manner pursuant section 2241. "[H]is appropriate course of action would [have been] to file with the [Court] an application under 28 U.S.C. § 2255." See Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998). Hall, however, did not file a section 2255 motion with the Court. (See ECF No. 1 at PageID 3 (admitting he has never filed any other lawsuit in federal court).)  As a result, the Court lacks subject matter jurisdiction over the instant Petition unless Hall shows "unusual circumstances" that make it "impossible or impracticable . . . to seek relief in the sentencing court." Jones, 599 U.S. at 478.

Hall has made no such showing of "unusual circumstances." See id.  Indeed, it is not "impossible or impracticable" for Hall to seek relief from the sentencing court, as the Court is the sentencing court. (See 2:20-cr-20009-JPM (W.D. Tenn.), ECF No. 144); Jones, 599 U.S. at 478.  Accordingly, Hall has not met his burden of satisfying the saving clause by showing that a section 2255 motion is inadequate or ineffective to challenge his sentence. See 28 U.S.C.

§ 2255(e). For this reason, and because Hall is not "challenging the legality of his detention without attacking the validity of his sentence," <u>Jones</u>, 599 U.S. at 475 (citation modified), the Court lacks jurisdiction to address the merits of his claims. See <u>Taylor</u>, 990 F.3d at 499.

IV. **CONCLUSION**

Because the issues presented here are appropriately raised in a section 2255 motion and Hall has not shown the saving clause applies, the Petition is **DISMISSED** for lack of subject matter jurisdiction. Judgment shall be entered for the Government.

V. **APPELLATE ISSUES**

A "petitioner[] proceeding under section 2241 need not secure a certificate of appealability to invoke . . . appellate jurisdiction." <u>Taylor</u>, 990 F.3d at 496 n.1. If Hall decides to appeal, however, he must either pay the appellate filing fee or seek leave to proceed in forma pauperis ("IFP"). See <u>Kincade v. Sparkman</u>, 117 F.3d 949, 952 (6th Cir. 1997). If the Court certifies an appeal would not be taken in good faith, or otherwise denies IFP status, then Hall must file his IFP motion before the appellate court. See <u>Bigbee v. Janson</u>, No. 3:23-cv-01070, 2024 WL 532706, at *5 (M.D. Tenn. Feb. 9, 2024).

Because the Court lacks subject matter jurisdiction and dismisses the instant Petition, it is **CERTIFIED** that any appeal would not be taken in good faith. Leave to appeal in forma pauperis is therefore **DENIED**. If Hall files a notice of appeal, he must either pay the $605.00 appellate filing fee or file an IFP motion before the United States Court of Appeals for the Sixth Circuit within 30 days.

**IT IS SO ORDERED**, this the 11th day of August, 2025.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE